COURT OF APPEALS OF VIRGINIA


Present: Judges Benton, Haley and Senior Judge Coleman


LISA TARRANCE

                                                        MEMORANDUM OPINION[*]
v.        Record No. 0005-06-4                                PER CURIAM
                                                           JULY 25, 2006
CATHOLIC CHARITIES OF THE
  DIOCESE OF ARLINGTON, INC.


FROM THE CIRCUIT COURT OF ARLINGTON COUNTY
Joanne F. Alper, Judge

(Deborah E. Kramer, on brief), for appellant.

(James A. Watson, II; Sarah Louppe Petcher; Allan Taylor Holland,
Guardian *ad litem* for the minor child; Colten Cummins Watson &
Vincent, P.C. on brief), for appellee.


Pursuant to Code §§ 16.1-283(C)(2) and 16.1-283(E)(i), the trial judge terminated Lisa

Tarrance's parental rights to her minor child, born August 29, 2004. Tarrance argues the trial judge

erred in determining that she, without good cause, has been unwilling or unable within a reasonable

period to remedy substantially the conditions which led to the placement of her child in foster care.

See Code § 16.1-283(C)(2).

In addition to invoking Code § 16.1-283(C)(2), the final order recites that "clear and

convincing evidence [establishes] . . . that the parental rights of . . . Lisa Tarrance . . . to 4 other

minor children have previously been involuntarily terminated," and the final order invokes Code

§ 16.1-283(E)(i) as a basis for terminating Tarrance's parental rights. The order also finds that

termination is in the best interest of the minor child. On this appeal, however, Tarrance presents no

argument that the trial judge erred in terminating her parental rights pursuant to Code

--------

[*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

§ 16.1-283(E)(i) (providing for termination of parental rights when "the residual parental rights of the parent regarding a sibling of the child have previously been involuntarily terminated"). When an appellant fails to contest a trial judge's termination of parental rights under one subdivision of Code § 16.1-283, we will not consider whether the evidence sufficiently supported termination under alternative subdivisions of the statute. Fields v. Dinwiddie County Dep't of Soc. Servs., 46 Va. App. 1, 8, 614 S.E.2d 656, 659 (2005). Accordingly, we summarily affirm the decision terminating Tarrance's parental rights. See Rule 5A:27.

Affirmed.